The opinion of the court was delivered hy

Mr, Justice Colcock.

We have'determined that in an action to recover a bond given for land, proof of an outstanding paramount title is a good defence, either in part or for the whole. But he who sets up the defence must, as in all other cases, prove it. Here an attempt was made to prove a title by possession, and if the evidence given were sufficient for that purpose, the tenure by which we hold land would be precarious indeed. An adverse possession of laud for five years gives a title to the occupant for so much as he has the actual possession of, or for .so much as he claims by distinctly marked boundaries." Now the evidence offered did not prove any acts of ownership, no cultivation of any particular part, it did not even fix the spot on which the occupant lived, whether on the north or south side of the tract. But above all, there was no evidence of the ^extent of her claim. Supposing then that the mere squatting on land is to be considered as an evidence of claim, what did - she claim? Surely not the whole tract. The possession of a part is not a possession of the whole without some evidence of the extent of the claim. It is unnecessary to expend more time in showing that the others, claiming under her, could have no *234 title. . Even if she had a title however, the statute of limitations would bar her descendants, for they have been out of possession for thirty odd years. There was then no outstanding title proved.
Gantt, Justice, dubitante.
But this is not all; the defendant has been in possession upwards of five years under a conveyance from the plaintiff, cultivating the greater part of the tract, which is a good title against all the world.
As to the last ground, this court cannot determine that judgments which appear unsatisfied on the records, .are in fact due. It is well known that the reverse is often the case. In determining one issue, shall they try twenty? But there is another objection to thisr js the court to do that for the purchaser-which he might have done for himself, and that which in fact they will presume he did? He no doubt ascertained all this •himself and made himself secure by a warranty. But in the case of M'Ra vs. Smith, 2 Bay 339, the court decided that possessory rights are good against grants, absolute conveyances, and judgments and executions. So also in the case of Chollet vs. Hart, 2 Bay, 156. The defendant having been five years in possession, no judgment creditor of the plaintiff can disturb his right.
Motion, dismissed. —
Bay, JYott, Johnson Huger, Justices, concurred.